UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| J.B. et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>BONITA UNIFIED SCHOOL DISTRICT,<br><br>      Defendant. | Case No. 2:21-cv-07355-SB-E<br><br><br>ORDER FOR PARTIES TO MEET AND CONFER AND FOR PLAINTIFFS TO SHOW CAUSE RE:  DISMISSAL |

      In a published decision issued last week, the Ninth Circuit addressed mootness in a suit under the Individuals with Disabilities Education Act (IDEA) alleging that California schools failed to provide disabled students a free appropriate public education (FAPE) when they transitioned to remote instruction in March 2020.  *Martinez v. Newsom*, No. 20-56404, 2022 WL 3642172 (9th Cir. Aug. 24, 2022).  The court held that the plaintiffs' claims against defendants from whom they did not seek compensatory relief were moot because the schools had resumed in-person instruction.  *Id*. at *5.  In the absence of a request for compensatory relief or for injunctive relief that was not moot, the plaintiffs' requests for a declaratory judgment stating that the defendants had violated the IDEA and for attorneys' fees and costs were insufficient to confer Article III standing.  *Id*.

      Plaintiffs' complaint in this action requests a variety of declaratory relief and an award of attorneys' fees and costs, but it does not request compensatory relief. Dkt. No. 1 at 28–30 (Prayer for Relief); *see also* Dkt. No. 20 at 2 (joint Rule 26(f) report describing case as "a review of an administrative decision for which no damages are sought; however, attorney's fees are sought by Plaintiffs").  In their July 29 supplemental brief, Plaintiffs assert that they are "seeking compensatory education and services," Dkt. No. 40 at 10, but they cite no such demand in their

1

complaint or in any of their filings before the Court. To account for Plaintiff J.B.'s regression during the period of distance learning, the administrative law judge (ALJ) awarded her up to 120 hours of compensatory education and related services in an amount not to exceed $18,000, and Plaintiffs have not challenged the ALJ's decision on this issue or argued that the award of compensatory education was insufficient. Nor have Plaintiffs argued in any of their briefing that the Court (or the ALJ on remand) should award a particular amount of compensatory education—much less identified evidence in the administrative record to support such an award. Thus, Plaintiffs' assertion that they seek compensatory education in this action appears to be baseless.

Courts have held that where a federal complaint does not specifically seek compensatory relief, an earlier request for compensatory education during the state administrative proceedings does not create an Article III controversy in federal courts where the plaintiff's claim is otherwise moot. *See Johnson v. Charlotte-Mecklenburg Sch. Bd. of Educ.*, 20 F.4th 835, 844–45 (4th Cir. 2021) ("[I]t was Johnson's choice as plaintiff whether to seek compensatory education as a remedy in federal court . . . . We therefore hold that a plaintiff ordinarily must include in her federal complaint a request for compensatory education to avoid dismissal for mootness when the student no longer is enrolled in the defendant school system."); *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 598 (7th Cir. 2006) (plaintiff's failure to request compensatory education in federal complaint "deprived the district court of an opportunity to exercise . . . discretion" to award that relief, such that case was moot).

Apart from attorney's fees and costs, Plaintiffs' complaint seeks only declarations that the ALJ erred in various rulings relating to Defendant's alleged denial of a FAPE to J.B. Plaintiffs' briefing primarily challenges the adequacy of Defendant's services in the context of distance learning. Because J.B. has resumed in-person education and "California has unequivocally renounced the use of school closure orders in the future," *Martinez*, 2022 WL 3642172, at *5 (cleaned up), it appears that her claims are moot, at least to the extent they challenge deficiencies in the remote education offered during the COVID-19 pandemic. *See id.* (explaining that plaintiff's curiosity "to learn whether California's school closures were unlawful" did not permit court to rule on requests for declaratory relief in light of the schools' reopening); *Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022) (holding challenge to school closures moot and rejecting as speculative argument that schools may impose further restrictions).

Plaintiffs contend in their briefing that "[t]he issue of services during COVID-19 and the related federal and state guidance" is "part of all" the issues in this case because "all of [J.B.'s] issues are intertwined." Dkt. No. 37 at 5. If Plaintiffs' claims all challenge the education and resources provided to J.B. while Defendant's schools were closed (for which the ALJ already awarded compensatory education), then they appear to be moot. Moreover, Plaintiffs represent that the parties reached an agreement last month on a new triennial assessment plan. Dkt. No. 40 at 10. Plaintiffs' complaint largely contends that Defendant ignored various assessments and recommendations in 2019 and 2020 when fashioning an individualized education program for J.B. Even apart from the resumption of in-person education, it is unclear on this record why these claims are not moot in the absence of a request for compensatory education.

Given the parties' apparent confusion about the relief Plaintiffs seek and the mootness of some if not all of Plaintiffs' claims, the Court ORDERS the parties no later than September 7, 2022 to meet and confer to attempt to reach agreement on the appropriate disposition of Plaintiffs' claims (including, if possible, a resolution that would avoid the need for further litigation). Counsel shall participate in the meet and confer in person or by videoconference. The parties shall file a joint report on their reasonable efforts to reach agreement and the outcome of their meeting by September 9, 2022. The Court upon review of the parties' joint report will decide whether to hold a hearing.

In the absence of a further order, if the parties are unable to reach agreement, Plaintiffs are ORDERED no later than September 16, 2022, to show cause in writing why their claims should not be dismissed as moot. For each claim or portion of a claim that Plaintiffs contend is not moot, Plaintiffs shall identify the declaratory relief they seek in their federal complaint as to that claim and explain why the requested declaration addresses a live dispute between the parties that impacts the education presently being provided to J.B. Failure to timely respond will be construed as consent to dismissal of Plaintiffs' claims as moot. Defendant may file a reply no later than September 21, 2022.

Date: August 30, 2022

                                                      Stanley Blumenfeld, Jr.
                                                     United States District Judge