UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B. et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>BONITA UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | Case No. 2:21-cv-07355-SB-E<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES [DKT. NO. 54] |

  Plaintiff J.B., an elementary school student, together with her parents, Plaintiffs Daniel and Michelle Benitez, brought this case under the Individuals with Disabilities Education Act (IDEA) to appeal the adverse portions of the outcome of an administrative hearing.  Dkt. No. 1.  The hearing presented the administrative law judge (ALJ) with eight issues about the adequacy of educational accommodations and services provided to J.B., seven of which were presented by Plaintiffs and one of which was presented by Defendant Bonita Unified School District (the District).  The ALJ found for Plaintiffs on one issue and for the District on the remaining seven and awarded Plaintiffs $18,000 in compensatory education and related services.  This Court affirmed the ALJ's decision.  Dkt. No. 52.  Plaintiffs now move for $356,987.50 in attorneys' fees.  Dkt. No. 54.  The District opposes Plaintiffs' request, arguing that Plaintiffs are entitled only to $5,681.25 for prevailing on one issue.  Dkt. No. 55.  The Court finds this matter suitable for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  Since Plaintiffs are undisputedly prevailing parties under the IDEA, their motion for attorneys' fees is granted in part, and the Court concludes that they are entitled to recover $29,781.25.

1

I.

The IDEA, 20 U.S.C. § 1400 *et seq.*, provides federal funds to states for the education of children with disabilities in exchange for the states' agreement to comply with certain statutory conditions, including the requirement to provide a free appropriate public education to eligible children. *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 993 (2017). The "core" of the IDEA is "the cooperative process that it establishes between parents and schools," and "[t]he central vehicle for this collaboration is" the process of developing a student's individualized education plan (IEP). *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 53 (2005). State authorities must identify and evaluate disabled children and develop an IEP for each one. *Id.*; 20 U.S.C. § 1414. The IEP is "[a] comprehensive plan prepared by a child's 'IEP Team' (which includes teachers, school officials, and the child's parents)" and "must be drafted in compliance with a detailed set of procedures" found in § 1414(d). *Endrew F.*, 137 S. Ct. at 994. Parents who believe that an IEP is not appropriate may seek an administrative "impartial due process hearing" under § 1415(f). *Id*. If, after a hearing, the parents remain dissatisfied, the IDEA permits them to appeal a hearing officer's decision to a district court within 90 days, as Plaintiffs did here. 20 U.S.C. § 1415(i)(2).

In a federal case brought under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). A prevailing party is one who "succeeds on any significant issue in litigation which achieves some of the benefit" the party sought, materially alters the parties' legal relationship, is not de minimis, and is "causally linked to the litigation brought." *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 825 (9th Cir. 2007). The fees awarded "shall be based on rates prevailing in the community" where the case arose "for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). Further, "[n]o bonus or multiplier may be used in calculating" an attorneys' fee award. *Id*.

The IDEA prohibits plaintiffs from recovering attorneys' fees "relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action . . . ." *Id*. § 1415(i)(3)(D)(ii). The statute also prohibits recovery for attorneys' fees incurred after a written settlement offer if the offer was made more than 10 days before the ALJ proceedings began, the offer was not accepted within 10 days, and the ALJ's award "is not more favorable to the parents than the offer of settlement." *Id*. § 1415(i)(3)(D)(i). The prohibition on an award of attorneys' fees incurred after a qualifying settlement

offer does not apply if the parent "was substantially justified in rejecting the settlement offer." *Id*. § 1415(i)(3)(E).

In a case that presents multiple issues, a plaintiff who prevails on only some of the issues generally may not recover fees for claims on which the plaintiff was unsuccessful. *Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1118 (9th Cir. 2006). Courts employ a two-pronged approach in making this determination. First, the court considers whether the claims on which the plaintiff prevailed and those on which she was unsuccessful "involve a common core of facts or are based on related legal theories," focusing on "whether the claims arose out of a common course of conduct." *Ibrahim v. U.S. Dep't of Homeland Security*, 912 F.3d 1147, 1172 (9th Cir. 2019) (en banc) (cleaned up). Then, the court considers "whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id*. The court "may permit a full fee award—that is, the entirety of those hours reasonably expended on both the prevailing and unsuccessful but related claims" if it concludes that the plaintiff achieved "excellent results." *Id*.

A court may reduce an attorneys' fee award if (i) "the parent, or the parent's attorney, during the court of the action or proceeding, unreasonably protracted the final resolution of the controversy," (ii) the attorneys' fees "unreasonably exceeds the hourly rate prevailing in the community," or (iii) "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." *Id*. § 1415(i)(3)(F). However, a court may not reduce fees on these grounds if it finds that the educational agency "unreasonably protracted the final resolution of the action or proceeding." *Id*. § 1415(i)(3)(G).

II.

Sometime before November 15, 2019, J.B.'s mother retained Diane B. Weissburg to assist her in obtaining compensatory education and related services for J.B. As reflected in the invoice submitted with Plaintiffs' motion, over the course of the following year or so, Weissburg prepared for and participated in IEP Team meetings in connection with developing J.B.'s IEP. *See* Dkt. No. 54-5. Many of the invoice entries reflect communications between J.B.'s mother and Weissburg, between Weissburg and the District, and between Weissburg and medical and educational service providers who were involved in the discussions about J.B.'s IEP. Weissburg attended numerous meetings of the IEP Team. From

November 15, 2019 through March 7, 2021, Weissburg documented $130,249.50 in attorneys' fees.[1]

On March 8, 2021, Plaintiffs filed for a due process hearing with California's Office of Administrative Hearings. The District also requested a hearing a month later, and the proceedings were consolidated. On April 30, 2021, the District made Plaintiffs a settlement offer consisting of: (1) 160 hours of compensatory services at an hourly rate not exceeding $140, (2) 40 hours of vision therapy services at an hourly rate not exceeding $135 and five progress evaluations costing no more than $90 each, (3) reimbursement for a vision test that J.B.'s mother had paid for out of pocket in the amount of $1,824, (4) reimbursement of $159.14 for copayments and other out of pocket expenses J.B.'s mother incurred in connection with obtaining reading and occupational therapy services, and (5) reasonable attorneys' fees. Dkt. No. 55-1. Thus, the total monetary value of the offer was $30,233.14 plus attorneys' fees. Plaintiffs rejected the District's offer.

ALJ Judith Pasewark conducted nine days of hearings beginning on May 11 and ending on May 27, 2021. A month and a half later, she issued a decision addressing eight separate issues—one raised by the District and the other seven raised by Plaintiffs.[2] Dkt. No. 25-6 at 173–287 of 287. The ALJ ruled for J.B. on one of the eight issues, finding that the District failed to provide a free appropriate public education (FAPE) in connection with aspects of its distance learning

---

[1] The District asserts that $110,362.50 is for services rendered before Plaintiffs filed for due process on March 8, 2021. Dkt. No. 55 at 6 of 24. However, the sum of all the time entries Plaintiffs' counsel submitted until March 8, 2021 is $130,249.50. See Dkt. No. 54-5.

[2] The District's sole issue was whether the May 22, 2020 IEP as developed in subsequent IEP team meetings provided J.B. with a FAPE. Plaintiffs raised several issues about whether the District denied J.B. a FAPE by denying specific services (e.g. vision therapy, Lindamood Bell audio processing services, greater time spent in individual speech therapy time in lieu of group speech therapy, and occupational therapy and assistive technology services). Plaintiffs also raised the issues of whether basing J.B.'s performance goals in the May 22, 2020 IEP on pre-COVID-19 pandemic conditions denied J.B. a FAPE, whether the District had failed to provide J.B. with previously agreed upon compensatory services, and whether the District provided J.B. with a FAPE during distance learning during the COVID-19 pandemic.

program while J.B.'s school was closed due to the COVID-19 pandemic, and awarded her up to 120 hours of compensatory education and related educational services in an amount not exceeding $18,000. The ALJ ruled for the District on the remaining seven issues. Weissburg billed $131,512.50 for her work on the due process hearing. Weissburg's work through this point was billed at an hourly rate of $450.[3]

Plaintiffs filed this action to appeal the adverse portions of the ALJ's decision on September 14, 2021. Dkt. No. 1. After the parties filed several rounds of briefing and acknowledged that they had been fully heard on the issues, Dkt. No. 51, the Court affirmed the ALJ's decision in full on December 28, 2022, Dkt. No. 52. This motion followed. In addition to the fees she billed for her work before and during the ALJ hearing, Weissburg seeks to recover $115,225 for her time in this federal litigation, which includes $3,300 for filing this motion that is not reflected in her billing records, for a total fee request of $356,987.50. Dkt. No. 54-1 ¶ 24. Weissburg's work on the federal case was billed at an hourly rate of $550.

### III.

The Court first considers the scope of Weissburg's work for which Plaintiffs are entitled to recover attorneys' fees. The District contends that as a matter of law, Plaintiffs are not entitled to fees for work performed before the filing of the due process hearing complaint on March 8, 2021, or for work performed in this case. The Court considers each of these categories of fees in turn.

### A.

The IDEA makes clear that fees "may not be awarded relating to any meeting of the IEP Team" unless the meeting is convened as a result of an administrative proceeding or judicial action or in connection with certain mediation proceedings. 20 U.S.C. § 1415(i)(3)(D)(ii). Plaintiffs do not suggest that any of the IEP meetings in this case meet any of the statutory exceptions. Moreover, the statute does not merely prohibit an award of fees for attending an

---

[3] There is a discrepancy between the total fees accrued prior to counsel's work on the federal case recorded in counsel's time entries ($261,762) and the total counsel lists for the period ($241,762.50). Plaintiffs' motion seeks $241,762.50. Dkt. No. 54 at 24 of 26. The Court will limit its consideration to the relief Plaintiffs seek.

5

IEP Team meeting. It also precludes an award for fees "relating to" an IEP Team meeting. Thus, the statute does not permit Plaintiffs to recover attorneys' fees for Weissburg's time spent in connection with IEP meetings.

This does not, however, mean that fees can never be awarded for work performed before the filing of a due process hearing complaint. "[W]hen the work relates to the issues presented [in a due process hearing] and would, indisputably, be compensable after the filing," fees may be recoverable. *Wright v. Tehachapi Unified Sch. Dist.*, No. 16-cv-01214-JLT, 2017 WL 3334015, at *13 (E.D. Cal. Aug. 4, 2017); *see also P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1169 (9th Cir. 2007) (concluding that "the IDEA authorizes an action solely to recover attorneys' fees and costs, even if there has been no administrative or judicial proceeding to enforce a student's rights under the IDEA" but that plaintiff was not a "prevailing party" based on her settlement agreement outside administrative process); *Tillman v. Dist. of Columbia*, 123 F. Supp. 3d 49, 63 (D.D.C. 2015) (finding that time counsel spent reviewing IEP Team meeting notes was compensable under the IDEA since the time was spent in connection with preparing an IDEA complaint).

Almost all the time entries Plaintiffs submit before March 8, 2021 appear to relate to Weissburg's participation in IEP Team meetings. Many of them explicitly reference preparing for or attending IEP Team meetings. Section 1415(i)(3)(D)(ii) expressly precludes recovery of fees for these tasks. Most of the remaining entries from this period do not contain sufficient detail to allow the Court to conclude that Weissburg performed the work in preparation for filing the due process complaint (or for other litigation tasks) rather than for participating in IEP Team meetings. The vast majority of the entries long predate the filing of the due process hearing complaint, so there is no reason to think that the time Weissburg spent on this matter was in connection with the due process hearing, and Weissburg has made no effort to identify any such entries that may be compensable. The sole entry predating March 8, 2021 that references the due process hearing is an entry for "2/8–3/8/21" for 16 hours spent drafting the due process hearing request, for which Weissburg billed $7,200. Dkt. No. 54-5 at 7 of 14. The Court finds that this sole entry predating the filing of the due process complaint is compensable as preparation for the due process hearing but that the remaining entries are not.

B.

Turning to the work performed in this case, Plaintiffs assert in their reply that they prevailed in this action because they established their entitlement to

attorneys' fees and because the Court "enforced the reimbursement process" for the funds Plaintiffs obtained at the due process hearing. Dkt. No. 56 at 7. Plaintiffs' argument, which cites no legal authority, is at odds with controlling precedent. In *Van Duyn*, 502 F.3d at 825, the Ninth Circuit held that an IDEA plaintiff who prevailed in part during the administrative hearing and then filed a suit in which the district court fully affirmed the ALJ's decision was entitled to recover only a portion of the attorneys' fees incurred at the administrative hearing. The plaintiff was not entitled to recover fees incurred in the district court proceeding, since he "was not the prevailing party at the district court level because that court affirmed the ALJ's decision in its entirety and refused to grant him any additional relief." *Id*. Here, too, the Court has fully affirmed the ALJ's decision and has not ordered any relief for Plaintiffs that alters the parties' legal relationship. *See id*. (explaining that to be a prevailing party under the IDEA requires success that "must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought"). Plaintiffs therefore are not prevailing parties in this litigation.

Nevertheless, the District states that it is unopposed to the Court awarding Plaintiffs $3,850 for the preparation of their attorneys' fee motion. Dkt. No. 55 at 6 n.1. In light of the District's agreement to pay for Plaintiffs' time preparing the motion, the Court will award Plaintiffs $3,850 for this time.[4] Plaintiffs are not otherwise entitled to recover attorneys' fees for their time spent in this case.

IV.

The parties devote most of their arguments to Plaintiffs' remaining request for $126,537.50 in legal fees incurred in connection with the due process hearing. It is undisputed that, for purposes of these fees, Plaintiffs are prevailing parties within the meaning of the IDEA and are therefore entitled to recover at least some of their fees.

The District does not dispute that Weissburg's hourly rate of $450 is reasonable for an attorney of her experience litigating an IDEA case, nor does it

---

[4] The District appears to concede that Plaintiffs are entitled to the fees incurred in this case that are directly related to recovering the fees incurred during the ALJ proceedings. Neither side has identified any fees incurred in this case beyond the preparation of this motion that arise solely from Plaintiffs' attempt to recover the underlying fees.

argue that the amount of time Weissburg spent on the due process hearing was unreasonable.[5] In the absence of a challenge, the Court assumes that both Weissburg's rates and her hours were reasonable. The District argues, however, that the requested fees should be substantially reduced because Plaintiffs rejected its settlement offer and because they achieved only limited success before the ALJ.

A.

The District argues that Plaintiffs' recoverable fees are limited by § 1415(i)(3)(D)(i), which prohibits reimbursement of fees incurred after rejection of a settlement offer made more than 10 days before the administrative hearing if "the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." Plaintiffs do not dispute that the District made its settlement offer more than 10 days before the due process hearing began or that Plaintiffs rejected the offer, but they argue that the ALJ's award was more favorable than the District's settlement offer, and that in any event the statutory prohibition does not apply because Plaintiffs were "substantially justified in rejecting the settlement offer," triggering the exception in § 1415(i)(3)(E).

The ALJ awarded J.B. up to 120 hours of compensatory education and related educational services in an amount not exceeding $18,000, which Plaintiffs could allocate at their discretion. The District's settlement offer was for 160 hours of compensatory education, 40 hours of vision therapy plus five progress evaluations, and reimbursements to J.B.'s mother, all of which totaled $30,233.14, plus reasonable attorneys' fees. The Court must compare the favorability of these two outcomes from the perspective of J.B.'s parents. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 476 (9th Cir. 2015). Financially, the District's offer provided for substantially greater relief—a difference of more than $12,000—than the ALJ's award. The District offered 160 hours of compensatory education, compared to the 120 hours awarded by the ALJ. The settlement offer also offered Plaintiffs separate funds for vision therapy, reimbursement for a privately obtained vision examination, and reimbursement for other expenses J.B.'s mother incurred, none of which were provided for in the ALJ's award. And while Plaintiffs are entitled to recover reasonable attorneys' fees as a result of the

---

[5] The District argues that Plaintiffs' requested hours are "unreasonable," but the substance of the District's argument is that Plaintiffs are barred from recovering the fees, not that Weissburg billed for more hours than were reasonably needed for Plaintiffs to participate in the due process hearing.

ALJ's award, the settlement offer also included reasonable attorneys' fees. The Court finds that the settlement offer was more favorable than the ALJ's award.

Plaintiffs dispute this conclusion, arguing that the relief they have obtained is still undetermined because they are continuing to accrue attorneys' fees, and so the settlement offer is not more favorable than the total relief they can obtain. Plaintiffs misunderstand the appropriate comparison. The settlement offer the District made would have resolved the dispute before the ALJ, and it is against the ALJ's award that the District's offer must be evaluated. *Id*. (explaining that "the comparison is between the result obtained from the litigation (in this instance, the ALJ's decision) and the settlement offer made by the district"). Plaintiffs' approach would also lead to absurd results: Parents who obtain an ALJ decision less favorable than a settlement offer would be able to circumvent § 1415(i)(3)(D)(i) simply by spending more money on attorneys' fees to pursue an appeal. In any event, as explained above, Plaintiffs are not entitled to recover the attorneys' fees incurred in this action because they have not prevailed before this Court. The fact that Plaintiffs have continued to incur attorneys' fees after the conclusion of the due process hearing does not render the ALJ's award more favorable than the District's offer.

Plaintiffs also argue that the District's settlement offer did not address all the issues Plaintiffs raised in their due process complaint. In particular, they point to their request for 30 additional minutes of individual speech therapy in lieu of 30 minutes of group speech therapy. But the ALJ did not award this remedy, so it is irrelevant to the question whether the settlement offer was more favorable than the ALJ's award.

Plaintiffs next argue that the ALJ's award was more favorable because the settlement offer limited J.B.'s mother's ability to select compensatory education providers, whereas the ALJ's award gave her discretion. The settlement offer provided that the District would contract directly with either Lindamood Bell or another provider who was certified by the California Department of Education, rather than reimburse J.B.'s mother for whichever services she selected (as provided by the ALJ's award). The settlement offer did not limit J.B.'s mother's ability to participate in provider selection, nor did it substantially limit J.B.'s mother's choice of providers. Nor does the settlement offer's proposal to administer the services through the District's direct contracting with providers show that the settlement offer is less favorable than the ALJ's award. Plaintiff certainly has not shown that any marginal differences in how the services would be

arranged were so significant that their value to Plaintiffs exceeded the $12,000 difference between the District's offer and the ALJ's award.

Finally, Plaintiffs argue that the ALJ's award was more favorable because the District's offer of 160 hours was limited to compensatory academic services, whereas the ALJ's award provided for compensatory education and related educational services. The settlement provision to which Plaintiffs point allowed for providers to be certified by Lindamood Bell Learning Processes (a company that specializes in audio processing and reading support); the provision thus contemplated that the hours could be spent on related services, including speech and language services, educational tutoring, occupational therapy, assistive technology, or a reading program. And the other provisions of the settlement offer included additional vision therapy services and other reimbursements not included in the ALJ's award.

In sum, the District's offer, which Plaintiffs rejected, was more favorable to Plaintiffs in both scope and monetary value than the ALJ's award. Plaintiffs' arguments to the contrary are unavailing.

B.

Since the settlement offer was more favorable than the ALJ's award, Plaintiffs are only entitled to attorneys' fees for the period after the settlement offer if they were "substantially justified in rejecting the offer." 20 U.S.C. § [1415(i)(3)(E)](). "There is little precedent interpreting the phrase 'substantially justified.'" *[Beauchamp v. Anaheim Union High Sch. Dist.]()*, 516 F.3d 1216, 1222 (9th Cir. 2016) (finding no substantial justification in rejecting a settlement offer made under the IDEA). In claiming that they were substantially justified in rejecting the settlement offer, Plaintiffs advance two arguments.

Plaintiffs first argue that they were justified in rejecting the settlement offer because it was vague. They point specifically to the fact that the District's provision of compensatory services lacked performance deadlines. But the settlement offer indicated that J.B.'s parents would schedule the provision of services and that all services needed to be accessed by June 30, 2023. Dkt. No. [55-1]() at 2. Plaintiffs have not shown that the settlement offer was vague, much less in any way that justified their rejection of it.

Second, Plaintiffs argue that the settlement offer's attorneys' fee provision was ambiguous and unreasonable because it did not offer a sum certain and gave

10

the District the sole power to review the fees claimed. But the provision did "not waive the rights of the Parties to dispute whether the amount of fees claimed is reasonable and compensable." *Id*. at 3. The authorities Plaintiffs cite in which accepting the offer would have required abandoning incurred attorneys' fees are therefore inapposite. *Cf. S. H. v. Mount Diablo Unified Sch. Dist.*, No. 16-CV-04308, 2018 WL 510167, at *6 (N.D. Cal. Jan. 23, 2018) ("[A] party may be substantially justified in rejecting a settlement offer that includes only nominal attorneys' fees." (collecting cases)); *Hawkins v. Berkeley Unified Sch. Dist.*, No. 07-CV-4206, 2008 WL 11515278, at *18 (N.D. Cal. Nov. 20, 2008) ("[B]y the date of the settlement offer, Ms. Hawkins's attorneys had incurred over $9,000 in fees. Acceptance of the offer would have required Ms. Hawkins to waive her fee claim for $500. Her rejection was thus substantially justified."). Because the District's settlement offer provided for a reasonable award of attorneys' fees and allowed J.B.'s mother to challenge the District's determination of whether the fees claimed were reasonable, Plaintiffs were not substantially justified in rejecting the offer.

Accordingly, § 1415(i)(3)(D)(i) precludes Plaintiffs from recovering attorneys' fees for services performed after April 30, 2021, the date of the District's settlement offer.

V.

During the period from the date the due process complaint was filed through the date of the District's settlement offer, Weissburg billed $44,662.50.[6] Dkt. No. 54-5. In addition, as noted above, the Court finds that $7,200 billed in connection with drafting the due process complaint may be reimbursable under § 1415(i)(3). Thus, the total fees to which Plaintiffs would be entitled if they were deemed fully prevailing parties is $51,862.50. However, this amount is subject to a reduction because Plaintiffs prevailed on only one of the eight issues presented. *Aguirre*, 461 F.3d at 1118. The issue on which Plaintiffs prevailed involved the provision of educational services during school closures during the COVID-19 pandemic under the May 10, 2019 IEP. The remaining issues, on which the District prevailed, involved the terms of the May 22, 2020 IEP. This is not, as Plaintiffs suggest, a

---

[6] The District asserts that Plaintiffs' attorneys' fees increased by $45,450 from when the due process complaint was filed through its settlement offer on April 30, 2021. The time entries for this period evidence fees totaling $44,662.50. Dkt. No. 54-5. The Court relies on the $44,662.50 figure.

11

case in which the issues were so intertwined that all time spent on the seven unsuccessful claims was necessary to prevail on the one successful claim. Although the IDEA contemplates the iterative development of a student's IEP, and there ordinarily will be some continuity of services provided to students across IEPs, the sole issue on which Plaintiffs prevailed before the ALJ pertained to a different IEP than did the other issues.

Plaintiffs also contend that the outcome of the ALJ proceeding "represents 'excellent results,' meriting a fully compensable fee." Dkt. No. 54 at 24. *See Ibrahim*, 912 F.3d at 1172 ("If the court concludes the prevailing party achieved 'excellent results,' it may permit a full fee award."). This assertion is difficult to square with the positions Plaintiffs have taken in this litigation until now. Plaintiffs' opening brief, for example, concluded with the assertion that "[t]his court cannot allow the [ALJ's] decision to stand, as it defeats the help J.B. needs, and the safeguards of IDEA and FAPE." Dkt. No. 27 at 36. Even without considering this dramatic contradiction, the Court is unpersuaded that the ALJ's ruling in favor of the District on seven of the eight issues before her constitutes such an excellent result for Plaintiffs that they are entitled to the maximum fee recovery.

Accordingly, the Court concludes that it is reasonable to reduce the amount of attorneys' fees to reflect Plaintiffs' limited success. The District argues that Plaintiffs' fees should be reduced by seven eighths (87.5%) because Plaintiffs prevailed on only one of eight issues below. The Court finds such a proportional reduction unwarranted. The issues before the ALJ were distinct and involved different evidence, but they were not wholly unrelated. The ALJ heard evidence about J.B.'s limitations and other background information that appears to have informed her rulings, and she awarded compensatory education and related services based on J.B.'s mother's testimony that J.B. had regressed during distance learning during the COVID-19 pandemic. That testimony was not unique to the issue on which Plaintiffs prevailed. On the other hand, much of the testimony and evidence related to the other issues does not appear to have been relevant to the ALJ's award in favor of Plaintiffs. Thus, some—but certainly not all—of Plaintiffs' evidence and arguments for the issues on which they lost had some bearing on the relief they obtained for the issue on which they prevailed. A hearing limited to the successful issue would have required far less than the nine days of evidentiary hearings that were actually conducted. While it is difficult to quantify such matters with precision, the Court concludes that such a hearing would have taken at most half the time actually expended (and half the overall effort). Considering the totality of the circumstances, including the degree of

overlap in the issues and the substantial reductions in Plaintiffs' claimed attorneys' fees above, the Court finds that allowing Plaintiffs to recover 50% of their eligible attorneys' fees would be reasonable and appropriate. See *J.M. v. Capistrano Unified Sch. Dist.*, No. 10-cv-0185-AG, 2011 WL 1326905, at *4–5 (C.D. Cal. Mar. 31, 2011) (finding a 2/3 reduction appropriate where the plaintiffs did not prevail on most issues and only prevailed on the remaining issues for conduct occurring during one out of five school years at issue).

The Court therefore awards Plaintiffs $25,931.25 in attorneys' fees reasonably incurred in connection with the claim on which they prevailed before the ALJ.

VI.

The Court finds that Plaintiffs are entitled to recover from the District $25,931.25 in attorneys' fees reasonably incurred in connection with the ALJ proceeding, plus $3,850 to which the District agreed in connection with Plaintiffs' fee motion, for a total of $29,781.25 in attorneys' fees.

A final judgment will be entered separately.

Date: April 1, 2023

                                                            Stanley Blumenfeld, Jr.
                                                            United States District Judge